638                    April 9, 2025                    No. 323

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. A. P-H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*and*

A. A. P.-H.
*Respondent,*

*v.*

C. H.,
aka C. P.-H.,
*Appellant.*

Multnomah County Circuit Court
22JU04437
Petition Number T2022085;
A182828

Xiomara Y. Torres, Judge.

Submitted March 7, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean Connor, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Christa Obold Eshleman and Youth, Rights & Justice filed the brief for respondent A. A. P.-H. Joining the brief was Stacy M. Chaffin for respondent Department of Human Services.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Father appeals from a judgment terminating his parental rights to his child, who was three years old at the time of the trial. On appeal, father's challenge is narrow: his sole assignment of error focuses on the juvenile court terminating his parental rights after a trial *in absentia*, and he asserts that his counsel provided inadequate assistance by failing to ask for a continuance, object to the court adjudicating the termination petition, or otherwise contest the termination based on his absence. In a combined response, both child and the Department of Human Services (DHS) remonstrate that father's argument is without merit because the record shows that he purposefully chose not to attend the trial. We affirm.

A parent advancing an inadequate assistance of counsel claim in a dependency proceeding must prove not only that trial counsel was inadequate but also that the inadequacy prejudiced the parent's rights. *Dept. of Human Services v. T. L.*, 358 Or 679, 702, 369 P3d 1159 (2016). To conclude that trial counsel was inadequate, we must affirmatively determine that counsel's action or lack thereof "reflected an absence or suspension of professional skill and judgment." *State ex rel Juv. Dept. v. Geist*, 310 Or 176, 190, 796 P2d 1193 (1990). As the court explained:

> "The bare assertion of trial counsel's inadequacy does not warrant a remand or reversal; nor does a finding of inadequacy, standing alone, require a remand or reversal if, on *de novo* review of the record, the reviewing court is satisfied that the proceeding was fundamentally fair and that even with adequate counsel, the result inevitably, would have been the same."

*Id.* at 191.

The relevant facts are undisputed. Here, father appeared in response to DHS's termination petition, and the juvenile court set dates for further hearings and ordered father to appear at those hearings. Ultimately, father failed to appear for the termination trial in October 2023; however, his counsel did appear. The court and the other parties waited over an hour to allow father (and mother, who is not a party to this appeal) to arrive. After waiting, attorneys

for both parents told the court that they had spoken with their clients and that their clients were "not going to attend today." The court then proceeded to adjudicate the termination petition in father's absence and entered the judgment that is now challenged on appeal.

In view of that record, we cannot conclude that counsel was inadequate under the circumstances. That is, father has not carried his burden to prove that his trial counsel provided deficient performance, and we need not address whether father has proven the prejudice prong of the analysis. Further, father has not requested a remand for further development of the record, and nothing about the record suggests that this is a situation in which that would be appropriate. In short, on *de novo* review as required by ORS 419A.200(6) and ORS 19.415(3)(a), we conclude that the proceeding was fundamentally fair and that the juvenile court did not err in terminating father's parental rights.

Affirmed.